Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DANIEL REINALDO EISENMANN AVILÉS<br><br>Recurrente<br><br>v.<br><br>OFICINA DE ÉTICA GUBERNAMENTAL DE PUERTO RICO<br><br>Recurrida | TA2026RA00067 | REVISIÓN JUDICIAL Procedente de la Oficina de Ética Gubernamental de Puerto Rico<br><br>Caso Núm.: 25-12-P1221 Reconsideración 25-12-P1156<br><br>Sobre: Querella Ética y solicitud de investigación administrativa ante la OEG |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 6 de marzo de 2026.

Mediate *Petición de Certiorari Administrativo* sometida el 17 de febrero de 2026, el Sr. Daniel Reinaldo Eisenmann Avilés (Sr. Eisenmann Avilés o peticionario) nos solicitó que revisemos y revoquemos cierta decisión que la Oficina de Ética Gubernamental de Puerto Rico (OEG o recurrida) le notificó el 30 de diciembre de 2025.[1]

Evaluado el legajo apelativo, y por las razones que adelante consignamos, **desestimamos** el recurso por falta de jurisdicción. Veamos por qué.

### I.

El 3 de diciembre de 2025, el peticionario remitió por correo electrónico un documento denominado *Querella Formal*. Allí, identificó

---

[1] Mediante la misma, en la mencionada fecha la OEG determinó no acoger cierto asunto traído a su atención por el peticionario mediante correo electrónico del 3 de diciembre de 2025.

como parte querellada al Hon. Juan Carlos García Padilla, alcalde del Municipio Autónomo de Coamo, a la Sra. Miriam I. Rojas Sánchez, secretaria de la Legislatura Municipal del mencionado municipio y cualquier otro funcionario que haya participado en la redacción, certificación o aprobación de la Ordenanza Municipal Núm. 32, Serie 2025-2025 (OM-32) del municipio.

Conforme allí manifestó el peticionario, los querellados violentaron la Ley de Ética Gubernamental al incluir en la aludida ordenanza afirmaciones materialmente erróneas con el fin de justificar un proceso de expropiación.[2] Específicamente, indicó que, con dicho propósito, la OM-32 falsamente estableció que:

a. desde el año 2000, residentes del Barrio Pasto (San Diego), Sector La Cuesta se han estado sirviendo como único recurso de agua potable disponible el pozo hincado en la finca número 3220 del lugar;
b. dicho uso fue autorizado por el antiguo dueño de la finca;
c. el peticionario impidió acceso al agua; y
d. el pozo privado constituye un acueducto comunitario.

Así pues, en su misiva, el peticionario señaló que presentaba el documento a los fines de solicitarle a la OEG que determinara- mediante la correspondiente investigación- "si la inclusión de tales afirmaciones obedeció a errores administrativos, a información no verificada o a una posible desviación de los procedimientos establecidos."[3]

En respuesta al documento sometido por el peticionario, el 30 de diciembre de 2025, la OEG le informó que luego de haber analizado los hechos expuestos en su solicitud, así como la legislación vigente y jurisprudencia aplicable, no identificaba violación alguna a la Ley 1-2012. En consecuencia, indicó que no acogería el asunto para investigación. Habiéndose sometido por el peticionario la correspondiente solicitud de

---

[2] Conforme alegó en el acápite V de su escrito, la conducta imputada constituyó una violación a los Artículos 4.2, 4.3, 4.4 y 5.7 de la Ley Orgánica de la Oficina de Ética Gubernamental de Puerto Rico, 3 LPRA Sec. 1854 et. seq. (Ley 1-2012)
[3] Página 10 del Apéndice. Entrada Núm. 1 SUMAC-TA.

reconsideración, el 26 de enero del año en curso, la recurrida se reafirmó en su determinación.

En desacuerdo aun, el peticionario instó el recurso de epígrafe y le imputó a la recurrida los siguientes errores:

ERROR I

Al archivar la querella ética sin realizar una investigación razonable ni evaluar los hechos alegados a la luz de las disposiciones específicas de la Ley de Ética Gubernamental invocadas.

ERROR II

Al emitir una determinación carente de hallazgos de hecho y conclusiones de derecho suficientes, impidiendo la revisión judicial efectiva.

ERROR III

Al actuar de forma arbitraria y caprichosa al descartar la querella mediante conclusiones genéricas, sin explicar por qué los hechos alegados no podían, de ser ciertos, constituir violaciones éticas.

ERROR IV

Al incumplir su deber de explicar las razones específicas para el archivo de la querella en violación al debido proceso de ley.

Atendido el recurso, a través de *Resolución* del 18 de febrero de 2026, le ordenamos a la recurrida a comparecer dentro del término reglamentario y presentar su posición en cuanto al mismo. El 27 de febrero de este año, la OEG presentó una *Moción de Desestimación de la Petición de Certiorari Administrativo por falta de jurisdicción.*[4]

**II**.

*-A-*

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. *Freire v. Morales Román*, 2024 TSPR 129 215 DPR \_\_\_\_; al mencionar a *Munc. Aguada v. W Cost. y Recovery Finance*, 214 DPR 432 (2024) y *Torres Alvarado v. Madera Atiles*, 202 DPR 495,

---

[4] Ese día, la recurrida sometió dos (2) mociones mediante las que informó que la Lcda. Michelle M. Vélez Berríos y la Lcda. María Milagros Ocasio Otero serían su representación legal. El 4 de marzo del año en curso, notificamos *Resolución* en la que atendimos estos escritos declarándolos Ha Lugar.

499-500 (2019).   En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley.  Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción por lo que los asuntos relacionados con esta deben ser atendidos con prioridad *Íd.*, al mencionar a *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024) y *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).  Por ende, las cuestiones relativas a la jurisdicción pueden atenderse por petición de parte o inclusive, considerarse *motu proprio* por el tribunal, como parte de su deber ministerial. *Íd.*

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal.  *Allied Mgmt. Group v. Oriental Bank*, *supra* a la pág. 387; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250-251 (2012).  De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo. *Freire v. Morales Román*, *supra.*

### III.

Según arriba indicamos, el peticionario nos pide que revoquemos la decisión de la OEG de no atender la querella que instó ante ella. Con ese fin, plantea que el archivo sumario de su reclamo sin una investigación o análisis razonable fue una actuación arbitraria por parte de la recurrida. A su vez, le imputa actuar en contra de las disposiciones de la Ley de Procedimientos Administrativos Uniformes del Gobierno de Puerto Rico,

mejor conocida como LPAU,[5] pues la decisión notificada no incluyó determinaciones de hecho ni conclusiones de derecho. También sostiene que la recurrida actuó arbitraria y caprichosamente al archivar su querella sin examinar la evidencia presentada, explicar su decisión y limitarse a conclusiones generales que no atendieron sus planteamientos específicos. Por último, reclama que la función de la OEG no se limita a evaluar aisladamente los señalamientos específicos que articuló, sino que conlleva el determinar si de la investigación correspondiente surgen otras posibles violaciones a la Ley de Ética Gubernamental. En virtud de todo esto, nos pide que expidamos el auto de *certiorari*, dejemos sin efecto la decisión de la OEG de archivar su querella y que le ordenemos a realizar una evaluación o investigación conforme a derecho.

Por su parte, como mencionamos, la OEG solicita la desestimación del recurso de epígrafe por falta de jurisdicción. Particularmente, aduce que en el caso de epígrafe no se celebró un procedimiento adjudicativo, por lo que no existe una orden o resolución final que pueda ser revisada por este Tribunal de Apelaciones. De otra parte, afirma que el peticionario pretende a través de sus poderes investigativos obtener prueba en su favor para el caso de expropiación. Más aun, señala que el peticionario busca en la OEG un remedio propio de la competencia de los tribunales.[6] Un examen ponderado de la decisión recurrida nos mueve a coincidir con su postura.

La LPAU define adjudicación como el pronunciamiento mediante el cual una agencia determina los derechos, obligaciones o privilegios que correspondan a una parte. De otra parte, el mencionado estatuto establece que una orden o resolución significa cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más

---

[5] 3 LPRA Sec. 9601, et seq.
[6] Sobre este particular, es importante mencionar que en nuestro ordenamiento jurídico existe una herramienta para impugnar ordenanzas municipales. Dicho procedimiento se rige por las disposiciones del Artículo 1.050 del Código Municipal de Puerto Rico, 21 LPRA Sec. 7081) y está sujeto a un plazo de **caducidad** de veinte (20) días allí establecido.

personas específicas o que imponga penalidades o sanciones administrativas, excluyéndose las órdenes ejecutivas emitidas por el Gobernador.[7]

Al examinar la decisión recurrida por el peticionario, estamos convencidos de que la misma no fue producto de un proceso de adjudicación ante la OEG.[8] Por el contrario, no albergamos duda que, mediante ésta, la recurrida se limitó a evaluar al amparo de las disposiciones de la Ley 1-2012 y la jurisprudencia aplicable los hechos formulados por el peticionario. Tras así hacer, la OEG no identificó elementos que sustenten las violaciones imputadas por lo que no acogió el asunto para investigación y así le informó al Sr. Eisenmann Avilés. Por tanto, la decisión recurrida no puede ser considerada como aquella orden o resolución que por virtud de la LPAU puede ser objeto de revisión judicial por este Tribunal de Apelaciones. Siendo ello así, carecemos de jurisdicción para intervenir con esta, debiéndose desestimar el recurso.

## IV.

Por los fundamentos antes esbozados, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] Véase, incisos (b) y (g) de la Sección 1.3 de la LPAU.

[8] De hecho, a pesar de que el peticionario denominó la comunicación enviada a la recurrida como Querella formal, la realidad es que quien viene llamado por disposición de la propia Ley 1-2012 a presentar una querella es la OEG. Ello, ocurrirá en aquellos casos en los que entienda que se ha violado alguna de las disposiciones del aludido estatuto. Véase, Artículos 7.1 y 7.3 del mencionado estatuto.